IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL RALPH CONROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-1237-W |
| ) | |
| LUKE DUEL and OLGA N. CONROY, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Plaintiff, appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the complaint has been conducted as required by 28 U.S.C. §1915A. Based on that review, it is recommended that the complaint be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

Plaintiff's Complaint

The named Defendants in this action are Luke Duel, assistant district attorney of Logan County, Oklahoma,[1] and Olga N. Conroy, identified by Plaintiff as a "citizen of

---

[1] State court records show that Plaintiff has been charged in Logan County District Court with five criminal felony counts, and that the trial is set for the March 2006 docket. Defendant Duel has appeared as prosecutor in the case. See Oklahoma State Courts Network (OSCN), *State of Oklahoma v. Michael Ralph Conroy*, Case No. CF-2004-240, <http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=10762&db=Logan> (accessed December 29, 2005).

Russia residing in Edmond, Oklahoma." Complaint at 2.[2] The exact nature of Plaintiff's claims are not clear. In describing the background of the case, Plaintiff alleges that "Mrs. Conroy brought a complaint against the Plaintiff. Defendant Luke Duel conspired with Mrs. Conroy to bolster his case against the Plaintiff, manufacturing evidence and suborning perjury." Complaint at 2. Plaintiff further states that he was given a polygraph test, which he claims to have passed conclusively. He also claims that his answers were exactly opposite of certain testimony "in a civil divorce action and in preliminary trial hearing" and that the testimony "could only have been supplied by Mr. Duel." *Id.*

Plaintiff sets forth four causes of action. In Count One Plaintiff alleges that Defendant Conroy committed numerous counts of perjury, "as prove[n] by the lie detector test." Complaint at 3. In Count Two Plaintiff alleges that Defendant Duel suborned perjury by instructing Defendant Conroy as to her testimony in an unidentified proceeding. *Id.* In his third count, Plaintiff alleges that Defendant Duel has a "habit of reading false documents into the record" and has done so in the "State v. Conroy case." Complaint at 4. In his last count, Plaintiff alleges a conspiracy to commit perjury, claiming that "Defendants met on numerous occasions alone and with other parties to

---

[2]Although the complaint is less than clear factually, it appears that Defendant Conroy, also referred to as "Mrs. Conroy," Complaint at 2, is Plaintiff's wife. Logan County District Court records indicate that Olga Conroy initiated a civil divorce action against Plaintiff on October 13, 2004, that certain temporary orders have been entered in the case, including the grant of custody of a minor child to Mrs. Conroy, and that a trial has been set for March 9, 2006. *See* OSCN, *In re the Marriage of: Olga Nikolayevna Conroy and Michael Ralph Conroy*, Case No. FD-2004-173, <http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=11390&db=Logan>(accessed December 29, 2005). Additionally, court records reflect that Olga Conroy petitioned the Logan County District Court for a protective order against Plaintiff, which was issued on September 29, 2004, for a period of three years. *See* OSCN, *Olga Conroy v. Michael Ralph Conroy*, <http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=10946&db=Logan>(accessed December 29, 2005).

fabricate evidence and make up testimony known to be false which would illegally deprive the Plaintiff of liberty and financial assets, and the custody of a minor child." Complaint, attached page. As relief for the alleged violations, Plaintiff seeks monetary and punitive damages, an order requiring investigation of the Logan County District Attorney's Office, deportation of Defendant Conroy, "federal criminal charges as appropriate," and Plaintiff's immediate release. Complaint at 5.

## Discussion

Pursuant to 28 U.S.C. § 1915A(a), the Court is under an obligation to review, as soon as practicable, a complaint filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. The Court must "identify cognizable claims" and shall dismiss the complaint, or any portion thereof, which "is frivolous, malicious, fails to state a claim for which relief can be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

To state a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This Court must construe pleadings by a pro se party liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but this Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be

futile to give him an opportunity to amend." *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). In determining whether dismissal is proper, the Court must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

Defendant Luke Duel

Plaintiff alleges that Defendant Duel, acting in his official capacity as an assistant district attorney, "instructed Olga Conroy not in a proper manner regarding her testimony but instructed her to lie, telling her what to say and providing her information she did not know and promising to protect her from perjury charges and possible deportation." Complaint at 3.

Plaintiff's action is barred by the Eleventh Amendment as it pertains to Defendant Duel in his official capacity as assistant district attorney. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). It is well settled that prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). This immunity extends to claims that a prosecutor has "knowingly used false testimony and suppressed material evidence." *Id.* at 413, 428-429. Thus, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

That is precisely the set of circumstances alleged in Plaintiff's complaint. Even

if personal participation by this Defendant is assumed, it is clear that the only basis for Plaintiff's allegations against Duel are directed toward the actions taken by him in the course of initiating and prosecuting a case against him. Thus, Plaintiff's allegations are directly solely to the fact of his ongoing state criminal proceedings. Defendant Duel is clearly entitled to absolute prosecutorial immunity for these actions "which occur[red] in the course of his role as an advocate for the State." *Buckley*, 509 U.S. at 273; *Imbler*, 424 U.S. at 451 (a prosecutor is absolutely immune from suit for actions taken within the scope of his duties in initiating and presenting a criminal prosecution); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) (acts by prosecutor in preparing for initiation of judicial proceedings or for trial and which occur in course of prosecutor's role as advocate for the state are entitled to absolute immunity); *DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir. 1993) ("A prosecutor is entitled to absolute immunity when his activities are intimately associated with the judicial phase of a criminal process."). Therefore, Defendant Duel is entitled to absolute immunity, and Plaintiff's cause of action against Duel should be dismissed under 28 U.S.C. § 1915A.

<u>Defendant Olga Conroy</u>

The only basis for Plaintiff's claim against Defendant Olga Conroy appears to be her involvement as a private citizen in ongoing civil cases filed in Logan County District Court against Plaintiff and possibly the investigation of his criminal case. Plaintiff's claim in this regard fails to state a claim under § 1983 because Plaintiff does not articulate a constitutional basis for his claim against Defendant Conroy and has failed to show that Defendant Conroy acted under color of state law.

To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Tarabishi v. McAlester Reg'l Hosp.*, 827 F.2d 648, 651 (10th Cir. 1987) ("[t]he provisions of a § 1983 apply only to persons who deprive others of rights secured by the Constitution or laws of the United States and who act under color of state statute, ordinance, regulation, custom or usage"). Before Defendant Conroy, a private individual, may be liable under § 1983, Plaintiff must show that Conroy's conduct is fairly attributable to the state. *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996); *see also Barnard. v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (a party may be a state actor because he is a state official, he acted together with or obtained significant aid from a state official, or his conduct is otherwise chargeable to the state). Although state action may be established where sufficient allegations exist of a conspiracy by a defendant with state actors, *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994), Plaintiff's lone, conclusory and unsupported allegation of conspiracy in his complaint is insufficient. *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

Although Plaintiff alleges that Defendant Conroy committed perjury, an alleged violation of state criminal laws provide no basis for jurisdiction in the federal court, as their enforcement is completely within the discretion of state prosecutorial authorities. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private individuals have no standing to compel enforcement of state criminal statutes); *see also Steinberg v. Allen*, No. 91-8033,

1992 WL 339065 (10th Cir. Nov. 17, 1992) [3](citing *Diamond* in the context of federal criminal statutes). Section 1983 requires Plaintiff to allege that he was deprived of a federally protected right by a person acting "under color of state law." The complaint not only fails to set forth facts to establish that Defendant Conroy violated Plaintiff's federal constitutional rights but also fails to show that Defendant Conroy was acting under color of state law. Accordingly, it is recommended that Plaintiff's claim against Defendant Conroy be dismissed for failure to state a claim for which relief may be granted under § 1983.

<u>Plaintiff's Requests for Relief</u>

Among his requests for relief, Plaintiff requests immediate release from custody. Complaint at 5. Such relief Plaintiff is in the nature of habeas relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that when a state prisoner, though asserting jurisdiction under § 1983, is challenging the duration of his confinement, and the relief sought is that he is entitled to speedier release from confinement, his sole federal remedy is a writ of habeas corpus). Plaintiff filed his action on a § 1983 complaint form. Construing Plaintiff's complaint as a petition for writ of habeas corpus is not recommended because Plaintiff has not alleged facts indicating exhaustion of state remedies. *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Therefore, Plaintiff's petition would not survive initial screening as a habeas petition. *See, e.g., Kelly v. Nelson*, No. 96-3115, 1996 WL 532162

---

[3]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

at *1 (10th Cir. Sept. 19, 1996) (rejecting "conclusory assertions" to overcome a habeas petitioner's failure to exhaust state court remedies).  Moreover, to the extent Plaintiff is seeking the dismissal of charges pending against him, it would be inappropriate for this Court to intervene in that any state criminal proceedings against Plaintiff that may still be on-going. *See Younger v. Harris*, 401 U.S. 37, 43-44, 53 (1971) (federal court should not enjoin a state criminal prosecution begun prior to institution of federal suit, except in very unusual circumstances where necessary to prevent immediate, irreparable injury, and only after a showing of bad faith, harassment or any other unusual circumstances that could call for equitable relief); *Dolack v. Allenbrand*, 548 F.2d 891, 893-94 (10th Cir. 1977) (consideration of constitutional issues does not constitute unusual or special circumstances and proceeding to trial does not amount to immediate, irreparable harm). Plaintiff has not alleged any special or unusual circumstances warranting intervention, nor has he shown that he would be irreparably harmed by allowing any ongoing criminal prosecutions to proceed in state court.  For these reasons, it is recommended that the Court decline to construe Plaintiff's complaint as a petition for writ of habeas corpus.

Finally, Plaintiff requests that this Court order the filing of "criminal charges" and an order of deportation. As previously discussed, Plaintiff raises an unsupported and conclusory allegation of conspiracy and at best an alleged violation of certain state laws by a private individual who is not a state actor for purposes of a claim under § 1983. A private individual has no right to demand the prosecution of another individual. *See Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993). *See also Linda R. S. V. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another...").

In sum, Plaintiff has failed to state a claim upon which relief may be granted against either named Defendant. Thus, it is recommended the complaint be dismissed pursuant to 28 U.S.C. § 1915A.[4]

### RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's complaint be dismissed for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915A. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 24th day of January, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1(a). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 4 day of January, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

---

[4] A *sua sponte* dismissal on this basis presents no due process concerns because Plaintiff's opportunity to object to this Report and Recommendation presents an adequate procedural safeguard. See *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("*sua sponte* dismissal with prejudice for failure to state a claim is harmless when, as here, the plaintiff has a reasonable post-judgment opportunity to present his arguments to the district court . . . .").